PLAUT v. STRAUB et ux.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

BILLS AND NOTES (§ 527*)—PAYMENT—EVIDENCE.
    In an action on a note, evidence *held* insufficient to sustain a plea of payment on the part of the indorser by the giving of other notes.
    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 527.*]

Appeal from Municipal Court of New York.

Action by Robert Plaut against John Straub and wife. Judgment for defendants, and plaintiff appeals. Reversed.

The action was on a promissory note for $350, the defendant John Straub being the maker and the defendant Mina Straub the endorser, they being husband and wife. The maker pleaded a discharge in bankruptcy, which the plaintiff admitted to be good on the trial, and thereupon discontinued against him. The endorser pleaded a defense of payment of the note when it came due by giving to the plaintiff three notes made by the husband and endorsed by her, and dated September 24, 1902, viz., one for $150 payable in one month, and two for $100 each, one payable in two and the other in three months.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

William A. Schumacher, for appellant.
William Drennan, for respondents.

GAYNOR, J. The note sued upon was concededly given to the plaintiff for borrowed money. The husband testified that the plaintiff drew up the three new notes in his house and handed them to him to sign them and have his wife endorse them, and that having taken them home and had that done he delivered them to the plaintiff. Asked if he delivered them at the plaintiff's house he answered, "I should not wonder. I think I left it in care of Mrs. Plaut," the plaintiff's wife. His wife testified that she endorsed the notes. He testified that after the first note, i. e., of $150, came due the plaintiff sued them and recovered judgment upon it. The defendant denied that he ever received the three notes, or asked for or drew them up. When the judgment roll was produced, the action and judgment were shown by it to have been for meat sold to the defendants by the plaintiff and not for the note of $150. The plaintiff testified in rebuttal that the indebtedness was originally $500, for which the defendants gave him a note as maker and endorser; that they paid $100 thereon and gave another note for $400, on which they paid $50 and gave the note in suit of $350. This the husband denied absolutely; but while the trial was progressing the plaintiff sent a messenger to his house for these former notes, and they were received in evidence. The husband's bankruptcy schedule of debts contained no note or notes due to the plaintiff. Still judgment was given for the defendant. The justice wrote an opinion in which he says, "I give the benefit of the doubt upon the truth of this controversy to the defendant"—passing over the rule that the burden of proof was on the defendant to make out her defence of payment, and that if she left it in doubt that was against her instead of a benefit to be given her.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event. All concur.